# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFREIDA WALKER,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>BMW OF NORTH AMERICA,<br>LLC, et al.,<br>　　　Defendants. | CV 19-1943 DSF (AGRx)<br><br>Order DENYING Motion to Remand; Order GRANTING IN PART and DENYING IN PART Motion to Dismiss and Motion to Strike (Dkt. Nos. 15, 17, 18) |

　　　Plaintiff Lafreida Walker has brought this action stemming from alleged defects in her 2015 BMW automobile, which she purchased used from Defendant CarMax Auto Superstores California, LLC. Plaintiff moves to remand the case and CarMax moves to dismiss the claims in the First Amended Complaint (FAC) or, in the alternative, strike certain allegations.[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for May 6, 2019 is removed from the Court's calendar.

　　　The remand motion is premised on Defendants' alleged failure to demonstrate complete diversity. The oppositions show that Plaintiff is a citizen of California and neither Defendant is a citizen of California. The motion to remand is therefore denied.

---

[1] The motion to strike is essentially duplicative of the motion to dismiss and the Court will discuss them as if they were one motion.

Plaintiff brings breach of warranty claims, as well as claims under the California Consumer Legal Remedies Act (CLRA) and the California Unfair Competition Law (UCL).

Plaintiff's warranty claims against CarMax fail because the allegations in the FAC and the face of documents incorporated into the FAC show that CarMax owed no warranty duty to Plaintiff. CarMax issued a 30-day express warranty on sale of the car, but that warranty required exhaustion of any rights under a manufacturer warranty. See FAC at p.10. The FAC alleges that the only defect that might have appeared during the 30-day period was covered by BMW's warranty and was, in fact, repaired by BMW. See FAC ¶¶ 29-34. The same defect was the only one pleaded that might have manifested during the statutory implied warranty period. There is no allegation that this particular defect ever reappeared after being fixed by BMW.

Plaintiff claims that there are two other sources for CarMax's express warranty liability beyond the 30-day express warranty. First, Plaintiff argues that the "MaxCare" coverage she purchased at the time of the vehicle purchase was a warranty. While the MaxCare contract is not attached to the FAC, the Court can consider it because the claims are based on it and the FAC repeatedly references it. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). On its face, the MaxCare contract is a "service agreement" not a warranty. While the California Supreme Court has acknowledged that a service agreement and a warranty are very similar, it has also acknowledged that they are defined separately by statute and carry different rights and responsibilities. See generally Gavaldon v. DaimlerChrysler Corp., 32 Cal. 4th 1246, 1256-59 (2004). Plaintiff claims that CarMax "did not provide a copy of MaxCare to Plaintiff," FAC ¶ 19, but CarMax has submitted a MaxCare contract signed by Plaintiff and Plaintiff does not contest that the document and

signature are genuine. Nowhere in the MaxCare contract is the contract represented to be a warranty.[2] Plaintiff argues that because a CarMax employee orally represented that the MaxCare contract was an extended warranty it should be treated as one, but the MaxCare contract has an integration clause that expressly disclaims any oral representations related to MaxCare. See Def. Ex. 1 at 5.

Plaintiff also argues that the certified inspection report of the vehicle constitutes an express warranty. But nowhere on the document is it represented to be a warranty, see FAC at p. 12-15, and it does not meet the statutory definition of a warranty because it does not represent that CarMax "undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance." Cal. Civ. Code § 1791.2.

Plaintiff's CLRA and UCL claims, however, survive the motion to dismiss. Both claims are premised on Plaintiff's allegation that CarMax's certification of the vehicle was a misrepresentation as shown by the large number of defects that materialized in the vehicle. Given the subsequent extensive repair history of the vehicle beginning relatively shortly after purchase, the FAC is sufficient to allow an inference that CarMax made misrepresentations in the certification of the vehicle in violation of California Civil Code § 1770(7). There is also a sufficient allegation that CarMax orally misrepresented that the MaxCare contract was a warranty in violation of §§ 1770(7) and (14).

---

[2] Notably, the 30-day express warranty prominently states that it is the only express warranty offered by CarMax. See FAC at p.7.

3

The motion to remand is DENIED. The motion to dismiss or strike is GRANTED with prejudice[3] with respect to the warranty claims, including the "civil penalty" claims, and DENIED in all other respects.

IT IS SO ORDERED.

Date: April 29, 2019

Dale S. Fischer
United States District Judge

---

[3] The undisputed documentation provided establishes that Plaintiff cannot amend to state a viable claim on these issues.